# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § § § § § § § | |
| | CASE NO. 6:15-CR-00077-JDK-JDL |
| **vs.** | |
| **CHARSHON TAREZ ROLLINS (3)** | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On March 19, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

### *Background*

After pleading guilty to the offense of Use, Carrying, and Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime, a Class A felony, Defendant Charshon Tarez Rollins, was sentenced on April 4, 2017, by United States District Judge Ron Clark. The offense carried a statutory maximum imprisonment term of life. The statutory minimum sentence, and guideline sentence, was imprisonment for a term of 60 months. Pursuant to a binding plea agreement, the Court sentenced Defendant to an imprisonment term of 108 months, followed by a 3-year term of supervised release) subject to the standard conditions of release, plus special conditions to include financial disclosure and drug aftercare. The case was reassigned to United States District Judge Jeremy D. Kernodle on January 8, 2020. Defendant completed his term of imprisonment and started his term of supervised release on November 20, 2023.

1

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on January 8, 2025, United States Probation Officer Laura Palafox alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant committed the offenses of Driving While Intoxicated (DWI) with Open Container and Accident Involving Injury/Death on November 27, 2024. According to the offense report, officers were dispatched to a hit and run accident. After they arrived on the scene of the crash, officers were able to locate Defendant, who was roughly .89 miles away from the scene in an alley and he was determined to be intoxicated. Defendant was released on bond the same day.

2. **Allegation 2 (standard condition 9): If the defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours.** It is alleged that Defendant committed the offenses of Driving While Intoxicated (DWI) with Open Container and Accident Involving Injury/Death on November 27, 2024, and he failed to notify his probation officer within 72 hours of his arrest.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Accident Involving Injury/Death, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1.(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 21 to 27 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Driving While Intoxicated (DWI) with Open Container and failing to notify his probation officer within 72 hours of contact with law enforcement, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide a guideline imprisonment range for a Grade C violation of 8 to 14 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

### *Hearing*

On March 19, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 8 months to be followed by a 1-year term of supervised release, with additional special conditions for alcohol abstinence and substance abuse testing and

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

treatment. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 8 months to be followed by a 1-year term of supervised release, with additional special conditions for alcohol abstinence and substance abuse testing and treatment. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 8 months to be followed by a 1-year term of supervised release, with additional special conditions for alcohol abstinence and substance abuse testing and treatment. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant at FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation

and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 8 months to be followed by a 1-year term of supervised release, with additional special conditions for alcohol abstinence and substance abuse testing and treatment.

So ORDERED and SIGNED this 19th day of March, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE